IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01192-MSK-MJW

TERRA ROWE,

        Plaintiff/Counter Defendant,

v.

KEVIN SCHOFIELD PARKS,

        Defendant/Counter Claimant,

OMSCO, INC.,

        Defendant,

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to Defendant OMSCO, Inc.'s

("OMSCO") Motion to Dismiss **(# 10)**, the Plaintiff's response **(# 20)**, and OMSCO's reply **(#**

**25)**.

As relevant herein, the facts, taken from the Complaint **(# 2)**, are straightforward. The

Plaintiff was allegedly assaulted by Defendant Parks during a golf tournament. At the time,

Defendant Parks "was and had been employed by Defendant OMSCO," and "attended and

participated in the golf tournament as a representative of OMSCO." *Docket* # 2, ¶ 18, 61, 66.

The Complaint alleges two claims against OMSCO: one for "*respondeat superior*" liability, and

one for negligent supervision. OMSCO moves **(# 10)** to dismiss the claims against it, arguing that

the Plaintiff's Complaint fails to state a claim under either theory.

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

## A. *Respondeat Superior*

*Respondeat superior* is not technically an independent claim for relief. Rather, under Colorado law, the doctrine of *respondeat superior* provides that an employer is liable for the torts of an employee acting within the scope of employment. *Stokes v. Denver Newspaper Agency, LLP*, ___ P.3d ___, 2006 WL 2563881 (Colo. App., Sept. 7, 2006) (petition for rehearing pending). The employer is liable if the employee's conduct was motivated by an intent to serve the employer's interests and connected to acts the employee was authorized to perform. *Id.*, *citing Grease Monkey Int'l, Inc. v. Montoya*, 904 P.2d 468 (Colo.1995). If the tort is committed during the service of an employer's business, it is within the scope of employment. *Id.*, *citing Pham v. OSP Consultants, Inc*., 992 P.2d 657 (Colo. App. 1999).

Thus, to state a "claim" for *respondeat superior*, the Plaintiff must allege facts that would establish that Defendant Parks assaulted the Plaintiff while acting within the scope of his employment with OMSCO. To make such a showing, the Plaintiff must allege that OMSCO had

actual control over or the right to control the actions of Defendant Parks at the time of the

assault. *Colorado Compensation Ins. Authority v. Jones*, 131 P.3d 1074, 1080 (Colo. App.

2005).  The Complaint does not plead such allegations.  The Plaintiff only asserts that Defendant

Parks attended the golf tournament as a "representative" of OMSCO; she does not allege that

OMSCO had the right to control Defendant Parks' behavior during the tournament, much less

allege facts to suggest that Defendant Parks purported to be acting in OMSCO's interest when he

assaulted the Plaintiff.  Thus, the Plaintiff has failed to state a "claim" for *respondeat superior*

liability.

The Plaintiff argues that her Complaint suffices to give notice to OMSCO of her claims

under Fed. R. Civ. P. 8(a), and that she is not required to plead more.  The Court disagrees.  Rule

8(a) entitles a defendant to notice "of the grounds on which" her claim rests.  *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 512 (2002).  Here, she has stated no factual allegations that give

OMSCO notice of the grounds upon which she asserts that Defendant Parks committed the

assault within the scope of his employment.[1]

Accordingly, the Court finds that the Plaintiff has failed to state a "claim" for *respondeat*

*superior* liability.

### B. Negligent Supervision

To state a claim for negligent supervision under Colorado law, the Plaintiff must allege: (i)

that OMSCO owed a legal duty to her; (ii) that it breached that duty; and (iii) that the breach

cause harm to her.  *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005).  Where the duty at issue is

---

[1]Indeed, she does not even offer even a conclusory allegation that the assault was within the scope of Defendant Parks' employment.  This is not to say that a conclusory allegation would be sufficient, but merely to highlight the absolute absence of any pleading on this element.

3

an employer's duty to protect third persons against the risk of harm by an employee, the Plaintiff

is required to show that the employer "knows or should have known that an employee's conduct

would subject third parties to an unreasonable risk of harm." *Id.* at 448.

Once again, the Complaint is deficient in this regard.  The Plaintiff alleges no facts

whatsoever that OMSCO knew or should have known that Defendant Parks' participation in the

golf tournament would subject the Plaintiff to an unreasonable risk of harm.  Without some

allegation to this effect, the Complaint fails to give adequate notice to OMSCO of the grounds of

the Plaintiff's negligent supervision claim, and thus, the Complaint fails to state such a claim.

However, dismissal is not the appropriate remedy at this time.  Dismissal of the Complaint

without first granting leave to amend is appropriate only where it would be futile to allow the

Plaintiff an opportunity to amend.  *Brereton v. Bountfiul City Corp.*, 434 F.3d 1223, 1229 (10th

Cir. 2006).  The Court cannot say that there is no conceivable set of circumstances in which the

Plaintiff could plead the facts necessary to make one or both of her claims against OMSCO viable.

Accordingly, the Court will grant the Plaintiff 10 days in which to file an Amended Complaint that

adequately states either a *respondeat superior* "claim" and/or a negligent supervision claim.

Should the Plaintiff be unable to assert the necessary facts consistent with her obligations under

Fed. R. Civ. P. 11(b)(3), or should she fail to file an Amended Complaint within the time

provided, the Court shall deem her claims against OMSCO dismissed for failure to state a claim

without further order.

OMSCO's Motion to Dismiss **(# 10)** is therefore **GRANTED IN PART**, insofar as the

Court finds that the Plaintiff's Complaint fails to state a claim against OMSCO, and **DENIED IN**

**PART**, insofar as the Court will not dismiss the claims against OMSCO immediately; should the

Plaintiff fail to file an Amended Complaint curing the defects in her pleading within 10 days of the

date of this Order, her claims against OMSCO shall be deemed dismissed without further order.

Dated this 1st day of March, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge